# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **L.S. and A.S.**

**No. 20-0640** (Hardy County 20-JA-4 and 20-JA-7)

**FILED**

**December 10, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father J.S., by counsel Jonie E. Nelson, appeals the Circuit Court of Hardy County's July 22, 2020, orders terminating his parental rights to L.S. and his custodial rights to A.S.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's orders. The guardian ad litem, Marla Zelene Harman, filed a response on behalf of the children in support of the circuit court's orders. On appeal, petitioner argues that the circuit court erred in adjudicating him as an abusing parent upon evidence of L.S.'s injuries and in terminating his parental and custodial rights without granting him an improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2020, the DHHR filed an abuse and neglect petition alleging that child L.S. suffered extensive injuries that required hospitalization. Specifically, the child suffered "bruising on both collar bones, oral trauma, [a] cut lip, . . . bilateral bruising on both ears," and "petechial bruising . . . under the skin on [her] nose, eyes, and forehead." Due to the severity of the child's injuries, she was flown to Ruby Memorial Hospital in Morgantown, West Virginia. According to petitioner—the only person alleged to have been with the child when she was injured—the child suffered these injuries when she fell off a bed. Hospital staff, however, indicated that the injuries were not consistent with any explanation provided. The petition further alleged that law

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

enforcement and emergency services personnel responded to a call when petitioner suffered an overdose the day after the child was admitted to the hospital. On the scene, L.S.'s mother removed a syringe from her bra and provided it to responders. Petitioner thereafter waived his preliminary hearing.

The circuit court held a series of adjudicatory hearings that concluded with a hearing in June of 2020. The DHHR presented expert witness Dr. Kamakshya Patra, a pediatric specialist who examined the child upon admission to the hospital. Dr. Patra testified that the child's injuries did not occur in the manner petitioner described, given that a fall would not have produced several injuries in different locations far from one another. Dr. Patra further testified that the child's bruises were not from the same incident as they appeared to be of varying ages. According to Dr. Patra, the child's injuries "would have taken a significant amount of force" and were, in fact, the result of nonaccidental trauma. The DHHR also presented testimony from law enforcement who responded to petitioner's overdose and other witnesses.

Petitioner testified and continued to deny that the child suffered nonaccidental injuries. Petitioner further testified to his history of substance abuse and his criminal history, which included convictions for first-degree robbery, attempted murder, and malicious assault. Based on the evidence presented, the circuit court found that Dr. Patra testified to a reasonable degree of medical certainty that L.S.'s injuries were not consistent with a single fall "due to the differing ages of the bruises, the location of the bruises, and the nature of the bruises." The court further noted Dr. Patra's opinion that the injuries were inconsistent with petitioner's explanation and that they were the result of a "significant amount of force" and "unexplained, non-accidental trauma." As such, the court found that petitioner was an abusing parent.

In July of 2020, the circuit court held two dispositional hearings, during which petitioner presented testimony from several providers who discussed services petitioner participated in during the proceedings. Petitioner also testified in support of his request for an improvement period. The DHHR presented testimony from a Child Protective Services worker who recognized petitioner's compliance with services but expressed the DHHR's position that petitioner's parental rights should be terminated because of his failure to admit how the child was actually injured. Ultimately, the court entered two orders on July 22, 2020. The first order denied petitioner's request for an improvement period and terminated his parental rights to L.S. upon findings that petitioner "failed to acknowledge responsibility for the injuries sustained by [L.S.] . . . while in his care" and failed to illustrate that he would comply with the terms of an improvement period. Additionally, the court found that petitioner's testimony "lack[ed] credibility and sincerity." The court further found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination of his parental rights was in L.S.'s best interest. The second order terminated petitioner's custodial rights to A.S. The circuit court based this decision on testimony from the child's nonabusing mother. According to the mother, petitioner should not have custody of the child, but she did agree that ongoing telephone contact with petitioner was beneficial to A.S. According to the circuit court, petitioner did not seek custodial allocation of A.S., but did desire to continue speaking with the child remotely twice per month. Based on this evidence, the circuit court found that "[t]ermination of the parental rights of [petitioner] . . . would serve no purpose relative to [A.S.] and it is in the best interests of the child not to terminate parental rights given

2

her bond with [petitioner]." Accordingly, the court terminated only petitioner's custodial rights to A.S., ordered the child to remain in the nonabusing mother's sole custody, and permitted petitioner ongoing remote visitation.[2] It is from the circuit court's dispositional orders that petitioner appeals.

The Court has previously established the following standard of review in cases such as this:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner first asserts that the circuit court erred in adjudicating him as an abusing parent because he provided consistent statements as to how L.S. received her injuries. According to petitioner, he always asserted that L.S. was injured when she fell from a bed, and this story remained consistent from the initial investigation all the way through disposition. We find, however, that rather than illustrate error, petitioner's unwillingness to admit the truth of the allegations of physical abuse to L.S. only underscored the appropriateness of his adjudication.

Pursuant to West Virginia Code § 49-1-201, an "abused child" is one whose health or welfare is being harmed or threatened by "[a] parent . . . who knowingly or intentionally inflicts, attempts to inflict, or knowingly allows another person to inflict, physical injury or mental or emotional injury, upon the child or another child in the home." The evidence shows that L.S. was in petitioner's custody at all times when the child's injuries could have occurred. The evidence further shows that the child suffered nonaccidental trauma of significant force that was inconsistent with petitioner's explanations for the injuries. Based on this evidence, it is abundantly clear that L.S. was an abused child, and, therefore, petitioner was an abusing parent. W. Va. Code § 49-1-201 (defining "abusing parent" as "a parent . . . whose conduct has been

---

[2]According to respondents, L.S.'s mother is currently participating in an improvement period. The permanency plan for the child is reunification with the mother or, alternatively, adoption in the current foster home. The permanency plan for A.S. is to remain in the nonabusing mother's custody.

adjudicated by the court to constitute child abuse or neglect"). It is of no consequence that petitioner concocted a story to obscure the physical abuse of L.S. and faithfully recounted it at every opportunity, given the overwhelming evidence that petitioner's explanation for the child's injuries was not plausible.

In support of this argument, petitioner asserts that Dr. Patra gave conflicting testimony about whether he could tell if the injuries in question were of differing ages or occurred during more than one incident. Given that petitioner consistently provided the same explanation for L.S.'s injuries, he asserts that Dr. Patra's inconsistencies rendered the witness's testimony insufficient for adjudication. We find, however, that it is unnecessary to address the specific testimony to which petitioner cites because his argument in this regard comes down to one of credibility. What petitioner fails to recognize is that "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations." *Michael D.C. v. Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997). The circuit court was presented with the evidence upon which petitioner relies and found that the DHHR proved, by clear and convincing evidence, that petitioner was an abusing parent. The circuit court further specifically found that petitioner's testimony lacked credibility. On appeal, we decline to disturb these credibility determinations.

We have previously held as follows:

At the conclusion of the adjudicatory hearing, the court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. . . . The findings must be based upon conditions existing at the time of the filing of the petition and proven by clear and convincing evidence.

*In re F.S.*, 233 W. Va. 538, 544, 759 S.E.2d 769, 775 (2014). This Court has explained that "'clear and convincing' is the measure or degree of proof that will produce in the mind of the factfinder a firm belief or conviction as to the allegations sought to be established." *Id.* at 546, 759 S.E.2d at 777 (citation omitted). However, "the clear and convincing standard is 'intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases.'" *Id.* at 546, 759 S.E.2d at 777 (citation omitted). Based on the extensive evidence presented, it is clear that the DHHR satisfied the applicable burden of proof in regard to petitioner, and we find that he is entitled to no relief on appeal.

Finally, petitioner argues that the circuit court erred in denying his request for an improvement period and terminating his parental rights to L.S. and his custodial rights to A.S. We find, however, that both decisions were appropriate, given that petitioner failed to acknowledge the conditions of abuse and neglect at issue. As this Court has held,

[i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the

4

perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (citation omitted). Further,

> "[p]arental rights may be terminated where there is clear and convincing evidence that the infant child has suffered extensive physical abuse while in the custody of his or her parents, and there is no reasonable likelihood that the conditions of abuse can be substantially corrected because the perpetrator of the abuse has not been identified and the parents, even in the face of knowledge of the abuse, have taken no action to identify the abuser." Syllabus Point 3, *In re Jeffrey R.L.*, 190 W.Va. 24, 435 S.E.2d 162 (1993).

Syl. Pt. 4, *In re Harley C.*, 203 W. Va. 594, 509 S.E.2d 875 (1998). Based on these holdings, it is clear that petitioner's failure to acknowledge the conditions of abuse and neglect precluded him from obtaining an improvement period and permitted the circuit court to terminate his parental rights to L.S. and custodial rights to A.S.

On appeal, petitioner asserts that he did acknowledge the conditions of abuse and neglect by admitting that he allowed the child to fall off his lap and that he should have been more cautious. This does not constitute an acknowledgement of the actual conditions of abuse and neglect, however, because petitioner's version of events was found to be inconsistent with the child's injuries. Petitioner further cites to various services he complied with, including counseling and supervised visits with L.S., to show that he demonstrated an ability to comply with the terms of an improvement period. What petitioner ignores, however, is that none of the services he submitted to were designed to remedy L.S.'s physical abuse, given that his refusal to acknowledge the truth of this basic fact precluded him from being able to remedy this condition. Based on the overwhelming evidence of petitioner's failure to acknowledge the conditions of abuse and neglect at issue, the circuit court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination of his parental rights to L.S. and custodial rights to A.S. was in the children's best interests. Pursuant to West Virginia Code § 49-4-604(c)(6), circuit courts are permitted to terminate these rights upon such findings. Further, this Court has previously held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Accordingly, we find no error in the circuit court's termination of petitioner's rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its July 22, 2020, orders are hereby affirmed.

Affirmed.

**ISSUED**:  December 10, 2020


**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison